UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 3:21-cv-278-DB |
| § | |
| DEBT MEDIATORS, LLC a Florida Limited § | |
| Company, also known as CM SOLUTIONS § | |
| LLC, ANTHONY FRANCISCO and § | |
| ANDREA FRANCISCO, § | |
| § | |
| Defendants. § | |
| § | |

**DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, DEBT MEDIATORS, LLC, ANTHONY FRANCISCO, and ANDREA FRANCISCO, by and through their undersigned counsel, moves the Court for an order dismissing Count II of Plaintiff's First Amended Complaint (DE 19) filed by Plaintiff, BRANDON CALLIER, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the following grounds:

1. Plaintiff's Count II alleges violations of 47 C.F.R. § 64.1200(d) for which no private right of action exists and should be dismissed with prejudice.

This motion is based on the pleadings, the record in this matter, and on the arguments made and authorities cited below in the incorporated Memorandum of Law.

**MEMORANDUM OF LAW**

**I.   Plaintiff has no private right of action under 47 C.F.R. § 64.1200(d)**

Plaintiff's Second Claim for Relief (Count II) under 47.C.F.R. § 64.1200(d) fails because there is no private right of action for Defendants' alleged regulatory violations. In this claim, Plaintiff alleges Defendants are liable not for calls received by Plaintiff but solely for their alleged

1

failure to meet regulatory standards prescribing procedures for maintaining a do-not-call list (*e.g.*, written policy, training of personnel, etc.).[1] Since the regulations themselves do not authorize private citizen suits, Plaintiff attempts to bring his compliance-oriented claims pursuant to 47 U.S.C. § 227(c)(5), but it creates a private right of action only for "violation of the regulations prescribed under ***this subsection***"—*i.e.*, regulations promulgated under subsection (c) of § 227. (emphasis added).

Section 64.1200(d) was not promulgated under 47 U.S.C. § 227(c), however. Instead, it derives from 47 U.S.C. § 227(d), which does not authorize a private right of action, but "makes it unlawful, *inter alia*, for anyone to make a telephone call using an automatic telephone dialing system that does not comply with the technical and procedural standards prescribed by the FCC." *Worsham v. Travel Options, Inc.*, No. JKB-14-2749, 2016 U.S. Dist. LEXIS 118774, at *3 (D. Md. Sep. 1, 2016) *aff'd* 678 Fed. App'x 165 (4th Cir. 2017). In other words, because the requirements of § 64.1200(d) are more closely aligned with the technical procedural standards of § 227(d), rather than the establishment and operation of a national DNC registry envisioned by subsection § 227(c), § 64.1200(d) is properly understood as being promulgated under subsection (d).

Based on this reasoning, courts have concluded there is no private right of action for purported violations of § 64.1200(d). *See Travel Options,* 2016 U.S. Dist. LEXIS 118774, at *10 ("[T]he requirements of § 64.1200(d) set forth the procedural standards for telemarketers to maintain their own, company-specific, do-not-call lists and, consequently, appear to fall under the aegis of subsection *d* of the TCPA.") (emphasis in original); *Wilson v. PL Phase One Ops. L.P.,* 422 F. Supp. 3d 971, 982 (D. Md. 2019) ("The TCPA provides a private right of action under

---

[1] *See* Pages 19 and 20 of Plaintiff's First Amended Complaint (DE 19).

subsections *b* and *c*. 47 C.F.R § 64.1200(d) appears to fall within subsection *d*'s scope, which does not provide a private right of action.") (emphasis in original); *Worsham v. Discount Power, Inc.*, Civ. Action No. RDB-20-0008, 2021 U.S. Dist. LEXIS 1931, at *12 (D. Md. Jan. 6, 2021) (citing *Travel Options* and finding claims for violations of §64.1200(d)(4) failed to state a claim); *see also Braver v. NorthStar Alarm Servs., LLC*, No. CIV-17-0383 -F, 2019 U.S. Dist. LEXIS 118080, at *35 (W.D. Okla. July 16, 2019) (finding that § 64.1200(d) was promulgated under § 227(d) and concluding there is no private right of action for its violation); *Burdge v. Ass'n Health Care Mgmt., Inc.*, No. 1:10-CV-00100, 2011 U.S. Dist. LEXIS 9879, at *10 (S.D. Ohio Feb. 2, 2011) ("The Court finds that the regulations regarding identification and the provision of a telephone number or address found in 64.1200(d)(4) are technical and procedural in nature and were promulgated pursuant to section 227(d) of the TCPA.").

This does not mean that companies can violate § 64.1200(d) without consequence. Instead, Congress has decided states and the FCC, rather than private parties, are the appropriate entities to enforce the regulation. *See* 47 U.S.C. § 227(g)(1) ("Whenever the attorney general of a State, or an official or agency designated by a State, has reason to believe that any person has engaged or is engaging in a pattern or practice of telephone calls or other transmissions to residents of that State in violation of this section or the regulations prescribed under this section [i.e., § 227], the State may bring a civil action on behalf of its residents . . . ."); 47 U.S.C. § 227(g)(3) (authorizing the FCC to intervene in such actions); *see also Nat'l Fed. of Blind v. F.T.C.*, 3030 F. Supp. 2d 707, 718 (D. Md. 2004) (observing that "the TCPA rules contain provisions restricting telemarketing that are almost identical to the ones set forth in the TSR," including § 64.1200(d), so that commercial entities outside of the FTC's jurisdiction would be similarly regulated to entities within the FTC's jurisdiction).

Because there is no private right of action for alleged violations of § 64.1200(d), Count II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim. *See Discount Power,* 2021 U.S. Dist. LEXIS 1931 at *13 (dismissing claims for purported violations of 47 C.F.R. § 64.1200(d) for failing to state a claim).

## II.     Conclusion

Based on the foregoing, Count II of Plaintiff's First Amended Complaint should be dismissed with prejudice for failing to state a claim upon which relief can be granted.

Dated:  February 25, 2022               Respectfully submitted,

                                        By:  */s/ Forrest M. "Teo" Seger III*
                                             **FORREST M. "TEO" SEGER III**
                                             Texas Bar No. 24070587
                                             TSeger@clarkhill.com
                                             **CLARK HILL PLC**
                                             2301 Broadway St.
                                             San Antonio, Texas 78215
                                             (210) 250-6000
                                             (210) 250-6100 (Fax)

                                             **ATTORNEY FOR DEFENDANTS,**
                                             **DEBT MEDIATORS, LLC D/B/A**
                                             **CM SOLUTIONS LLC, ANTHONY**
                                             **FRANCISCO, and ANDREA FRANCISCO**

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2022, a true and correct copy of the foregoing *Defendants' Motion to Dismiss Plaintiff's First Amended Complaint* was electronically filed with the Clerk of Court using the CM/ECF system and was served, via United States Mail, first-class postage prepaid, on the following *Pro Se* Plaintiff:

> Brandon Callier
> 6336 Franklin Trail
> El Paso, Texas 79912
> *Pro Se Plaintiff*

                                             */s/ Forrest M. "Teo" Seger III*
                                             Forrest M. "Teo" Seger III