FILED
March 10, 2022
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: \_\_Michael Trujillo\_\_
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
El PASO DIVISION

| | |
|---|---|
| BRANDON CALLIER, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> DEBT MEDIATORS, LLC a Florida Limited § <br> Company, also known as CM SOLUTIONS LLC, § <br> ANTHONY FRANCISCO and ANDREA § <br> FRANSISCO § <br> Defendants. § <br> § | EP-21-CV-00278-DB |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW PLAINTIFF BRANDON CALLIER with his response to Defendants Debt Mediators, LLC d/b/a CM Solutions LLC (CM Solutions), Anthony Francisco, and Andrea Francisco's Motion to Dismiss Plaintiff's First Amended Complaint and will show as follows:

I.  FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed his Original Complaint on November 5, 2021, alleging violations of the Telephone Consumer Protection Act (TCPA) and Texas Business and Commercial Code related to unsolicited phone calls received to his personal cell phone. Plaintiff filed his First Amended Complaint on February 4, 2021, seeking relief under 47 U.S.C. § 227(b)(1)(A), 47 C.F.R. § 64.1200(c), 47 C.F.R. § 64.1200(d), Tex. Bus. & Com. Code 305.053 and Tex. Bus. & Com Code 302.101. On February 25, 2022, Defendants filed a Motion to Dismiss Plaintiff claims under 47 C.F.R. § 64.1200(d) asserting there is no private right of action.

II. LEGAL ARGUMENT

Defendants offer a number of cases in which Section 64.1200(d) was ruled to have not been

promulgated under 47 U.S.C. § 227(c) and instead under 47 U.S.C. § 227(d). However, the Courts have been mixed on this issue. In Rosenberg v. LoanDepot.com LLC, the court ruled a private right of action does exist under 64.1200(d) holding:

> "Loan Depot next asserts that 47 C.F.R. § 64.1200(d)(4) does not contain a private right of action and therefore, plaintiff cannot maintain his claim under that regulation. Broadly, § 64.1200(d) mandates that telemarketing entities develop and maintain a do-not-call list. Rosenberg claims that Ascendant violated subsection (4) of that regulation because it failed to identify itself when it called him. The regulation, 47 C.F.R. § 64.1200(d)(4), mandates that
>
>> A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.
>
> Defendants assert that 47 C.F.R. § 64.1200(d)(4) was enacted pursuant to 47 U.S.C. § 227(d), "technical and procedural standards", which does not contain a private right of action. Plaintiff rejoins that the implementing regulation was promulgated pursuant to § 227(c), "protection of subscriber privacy rights", which does contain a private right of action.
>
> A majority of courts that have addressed the issue (though not all), including the Sixth Circuit, have held that 47 C.F.R. § 64.1200(d)(4) was promulgated under the authority in § 227(c) and, therefore, contains a private right of action. See *Chartvat v. NMP, Ltd. Liab. Co.*, 656 F.3d 440, 449 (6th Cir. 2011) (holding that the do not call provision, § 227(c), was implemented by § 64.1200(d)(4); *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1200 (M.D. Tenn. 2017) (holding that "the internal do-not-call procedures of 47 C.F.R. § 64.1200(d) fit cleanly under the rubric of 47 U.S.C. § 227(c)'s general mandate to adopt adequate do-not-call regulations.") *Wagner v. CLC Resorts & Devs., Inc.*, 32 F. Supp. 3d 1193, 1198 (M.D. Fla 2014).
>
> This Court agrees with the majority. Overall, § 64.1200(d), like § 227(c), is concerned principally with the protection of individual privacy rights. The principal purpose of § 227(c) is to ensure that subscribers "avoid" receiving telephone solicitations to which they object." The do-not-call provisions, including § 64.1200(d)(4), further that goal and comport with the statute. The available record indicates that § 64.1200(d) was promulgated under § 227(c) and contains a private right of action. Defendants' motion to dismiss on that ground will, therefore, be denied." *Rosenberg v. LoanDepot.com LLC*, 435 F. Supp. 3d 308, 324-25 (D. Mass. 2020).

This issue was addressed by this very District in *Callier v. Keeping Capital, LLC* No. EP-21-CV-00011, 2021 WL 2742766, at *4 (W.D. Tex. April 22, 2021). In *Callier v Keeping Capital, LLC* the Court held a private right of action exists for 47 C.F.R. § 64.1200(d) under 47 U.S.C. § 227(c)(5) for a subscriber who receives more than one phone call in a 12 month period in violation of the regulations prescribed under 47 C.F.R. § 64.1200(d).

Recently in *Worsham v. Discount Power, Inc*, Civil Action RDB-20-0008 (D. Md. Dec. 1, 2021) the Court reversed an earlier ruling that found no private right of action under 47 C.F.R. § 64.1200(d). The Court noted "47 C.F.R. § 64.1200(d) is expressly addressed to '" all telemarketing calls, whether prerecorded or live and whether made individually or through a system.'" *Lifestation*, 2021 WL 5358876, at *15. Accordingly, "Section 64.1200(d) provides a procedure for the creation of a do-not-call list that offers substantive protections for the privacy rights of subscribers, not a technical standard for the operation of a telemarketing system.'"

*Worsham v. Discount Power, Inc*, Civil Action RDB-20-0008 (D. Md. Dec. 1, 2021) further states "Chief Judge Fader's position aligns with several federal courts which have concluded that 47 C.F.R. § 64.1200(d) imposes '" minimum procedures for maintaining a do-not-call list,'" and that Congress clearly intended to authorize a consumer to '" recover for the telemarketer's failure to institute [those] minimum procedures.'" *Charvat v NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011); *Cordoba v. DIRECT TV, LLC*, 942 F.3d 1259, 1265 (11th Cir. 2019). As the United States District Court for the Western District of Missouri recently observed:

> [T] substance of 47 C.F.R. § 64.1200(d) more directly corresponds to the substance of § 227(c) of the TCPA rather than § 227(d). The TCPA requires the FCC to initiate rulemaking proceedings to evaluate, among other issues, the potential use of 'industry-based or company-specific "do not call" systems.' Section 227(d), however, directs the FCC to revise regulations setting technical and procedural standards for telephone facsimile machines and artificial or prerecorded voice systems and does not address internal, company-specific do-not-call procedures.

[T]he regulatory record indicates that when the internal do-not-call standards were first promulgated in 1992, they were promulgated pursuant to § 227(c). For example, § 227(c) is entitled 'Protection of subscriber privacy rights,' and the 1992 FCC Order establishing [47 C.F.R. § 64.1200(d) states that '[t]he comments persuade us that we must mandate procedures for establishing company specific do-not-call lists to ensure effective compliance with and enforcement of the requirements for protecting consumer privacy,' which is then followed by a citation to the internal do-not-call standards. *Worsham v. Discount Power, Inc*, Civil Action RDB-20-0008 (D. Md. Dec. 1, 2021)

Finally, in *Worsham v. Discount Power, Inc*, the Court said "These decisions are persuasive. Collectively, their review of the regulatory history of 47 C.F.R. § 64.1200(d) and its place in the statutory scheme suggests that the regulation at issue is best construed as a privacy protection that was originally promulgated pursuant to § 227(c). *Worsham v. Discount Power, Inc*, Civil Action RDB-20-0008 (D. Md. Dec. 1, 2021).

### III. CONCLUSION

Despite there being mixed decisions on whether 47 C.F.R. 64.1200(d) was promulgated pursuant to § 227(c) or § 227(d), both the precedent in this District in *Callier v. Keeping Capital, LLC* and numerous other decisions outside of this District indicate 47 C.F.R. 64.1200(d) is properly promulgated pursuant to § 227(c). The prohibitions under 64.1200(d) are not technical and procedural standards that would be more properly promulgated pursuant to § 227(d). Therefore, the Court should keep with the precedent set forth in this District, find 64.1200(d) to be promulgated pursuant to § 227(c), and deny the Defendants' Motion to Dismiss Plaintiff's claims under 47 C.F.R. 64.1200(d).

Dated: March 10, 2022                              Respectfully submitted,

*Brandon Callier*

Brandon Callier
6336 Franklin Trail Drive
El Paso, TX 79912
915-383-4604
Callier74@gmail.com


## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2022, a true and correct copy of the foregoing Plaintiff's Response to Defendants Motion to Dismiss Plaintiff's First Amended Complaint to be served via email to all attorneys of record.

Respectfully submitted.

*Brandon Callier*

Brandon Callier
6336 Franklin Trail Drive
El Paso, TX 79912
915-383-4604
Callier74@gmail.com